UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 01 CR 757 |
| V. | ) | |
| | ) | The Honorable Ronald A. Guzmán |
| DANIEL GALICIA | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the government's motion to disqualify [Dkt. # 610] is denied.

### STATEMENT

The government has filed a motion to disqualify Beau Brindley and Michael Thompson as Defendant's counsel. Defendant is charged in a superseding information in the case before the Court with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and two counts of using a communications facility to facilitate the conspiracy, in violation of 21 U.S.C. §843(b). After initially pleading guilty to narcotics-related crimes alleged in the superseding information (6/15/12 Minute Order, Dkt. # 505; Plea Agreement, Dkt. # 507), Defendant retained Brindley and Thompson and moved to withdraw his guilty plea (Mot. Withdraw, Dkt. # 525), which the Court granted. However, Defendant is now charged in a separate indictment with perjury (No. 15 CR 308, N.D. Ill.), alleging he made materially inconsistent statements under oath during his guilty plea and during the hearing on the motion to withdraw his guilty plea.

At the outset, it is important to note that disqualification of a criminal defendant's chosen counsel can have severe consequences, and it is therefore considered a "measure of last resort."

*United States v. Gearhart*, 576 F.3d 459, 464 (7th Cir. 2009). Indeed, the Supreme Court has recognized a presumption in favor a defendant's right to counsel of his choosing, which can be overcome only by an actual or serious potential for conflict. *See Wheat v. United States*, 486 U.S. 153, 159-64 (1988); *see also United States v. Lowry,* 971 F.2d 55, 64 (7th Cir. 1992) (explaining that the government bears a heavy burden in showing that disqualification is warranted). Thus, the Court's role is to determine "whether the attorney has an actual conflict, a potential conflict, or no conflict at all," and to evaluate any conflict for its effect on the defendant's right to effective assistance of counsel. *United States v. Turner*, 594 F.3d 946, 951-52 (7th Cir. 2010).

In that respect, the government claims that Bridley and Thompson's representation of the Defendant is laden with serious, actual conflicts. First, the government points to the superseding indictment in *United States v. Beau B. Brindley and Michael Thompson, et al.*, No. 14 CR 468 (N.D. Ill.), which charged Brindley and Thompson with suborning perjury in unrelated cases. According to the government, that indictment provides Brindley and Thompson with a potential incentive to curry favor with the government and creates the possibility that they will lose their objectivity. Second, the government notes that Brindley and Thompson could present defenses adverse to each other in their own case, thereby potentially impairing their ability to work collaboratively and effectively on Defendant's defense. Third, Brindley and Thompson are charged with aiding their clients and witnesses in giving false testimony. Defendant is now also charged with giving false testimony after he retained Brindley and Thompson. The similarities are obvious. Defendant, therefore, could be a possible witness for the government in its investigation of Brindley and Thompson. These first three alleged conflicts all rely in one way or another on the fact that Brindley and Thompson were under an indictment accusing them of

suborning perjury by their clients and witnesses.  Since the motion to disqualify was filed, however, Brindley and Thompson were found not guilty of all charges after a bench trial.  Thus, this possible source of conflict is no longer a valid concern.  Therefore, as to these first three grounds, the government's motion fails.

The government next points out that Defendant may have a cause of action, including a claim for malpractice, against Brindley and Thompson based on their failure to raise a Fifth Amendment objection during Defendant's testimony at the hearing on his motion to withdraw his guilty plea.  Because Galicia has not yet filed any such action, this brings us within the realm of a potential conflict.  In this respect, the Supreme Court has said that only a *serious* potential conflict will justify overriding the defendant's choice of counsel. *Wheat*, 486 U.S. at 164. The government raises serious concerns in this regard.

The failure to object to a question on the grounds that one's client may incriminate himself is a serious issue in any case.  In the instant case, the alleged error is heightened.  Galicia made it clear that the basis for seeking to withdraw his plea of guilty is that at the time he entered into the plea, he was not sufficiently informed by prior counsel that the crime he was pleading guilty to would result in his deportation and likely exclusion from reentry into the United States.  By placing their client on the witness stand, knowing that he would face a rigorous cross examination, Brindley and Thompson again imperiled Defendant's status as a permanent resident.  If they were under the impression that his admissions at the change of plea hearing were truthful, then his attorneys ought to have taken great pains to prepare him to reaffirm, not deny, those admissions at the hearing on the motion to vacate his guilty plea.  A failure to adequately prepare a defendant for this

eventuality would surely invite an allegation of malpractice. A lay defendant cannot be expected to understand that his right to withdraw his guilty plea did not require him to deny his prior truthful admission of guilt. When asked at the hearing whether he had indeed committed the offenses to which he had pled guilty, his natural reaction would be to deny his prior admissions, thereby committing perjury. On the other hand, if Brindley and Thompson were aware that Defendant had lied under oath during his guilty plea, they ought to have counselled him that there was a strong possibility that he would be questioned about his prior untruthful sworn testimony and would likely have to admit to having previously lied under oath, thereby placing himself in jeopardy of indictment for perjury and subsequent deportation and exclusion. Further, by failing to object to the first three questions the government asked Defendant regarding the regarding the truthfulness of his testimony at his change of plea hearing, Brindley and Thompson may have unnecessarily subjected Defendant to perjury charges and are arguably vulnerable to a malpractice claim. Should Defendant be successful in obtaining an acquittal in the present case, he now faces a second hurdle with the indictment for perjury.

In a related argument, the government also points out that Brindley and Thompson may be witnesses against Defendant relative to his perjury indictment and that Defendant may be a witness against them if they had any prior knowledge that his testimony was untruthful. Unfortunately, the Court cannot know precisely what Defendant's actual situation was. If he had, in fact, not been truthful at his change of plea colloquy, then he may have had no choice if he wanted to vacate that plea but to testify and risk being asked questions regarding the truthfulness of his prior testimony. But Federal Rule of Evidence 608 provides that by testifying on another matter, a

witness does not surrender his privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness. Thus, a prompt Fifth Amendment objection might have prevented the damaging cross examination altogether. On the other hand, if he had been truthful at his change of plea colloquy, he should have been properly prepared to again admit his criminal conduct if the questions were allowed. If the latter, then Defendant, if properly prepared, could conceivably have attained both the reversal of his guilty plea and the avoidance of a subsequent perjury charge. In their response, Brindley and Thompson argue that their decision not to assert a Fifth Amendment objection was in Defendant's best interests because to do so would have caused the Court to doubt the entirety of his testimony and reject his motion to vacate the guilty plea. Thus, Galicia's attempt to avoid deportation would have been lost. But this argument makes no sense. What was certain – and not dependent upon the Court's credibility determination – is that upon admitting to perjury while under oath in open court, Defendant would be indicted for the separate offense of perjury and would be much more likely to fail in his attempt to avoid deportation, not to mention that he would then be facing two felony charges and separate sentences for each if convicted. Incurring exposure to a second felony indictment in order to vacate a guilty plea for an already pending indictment is illogical.

But although it is clear that a prompt objection by Brindley and Thompson would have been the best course of action, it does not follow that disqualification is required or even desirable. Disqualification for a *potential* conflict is appropriate only where (1) it is likely that the conflict will actually occur, and (2) the severity of the conflict threatens counsel's effectiveness. *Turner*, 594. F.3d 946, 952-52. Neither circumstance is present here.

Above all, it is entirely unclear whether Galicia will file a malpractice action against Brindley and Thompson because his case is still ongoing, which means the effect of defense

counsel's strategic error cannot be determined. If anything, defense counsel's knowledge that they made such an error would only make their determination to obtain an acquittal for Galicia more intense. And if they are successful, Galicia would have no basis for a malpractice claim at all. Accordingly, the Court finds that the potential conflict identified is not "serious" enough to justify disqualifying defense counsel. *See Turner*, 594. F.3d 946, 952-52. Moreover, even if the conflict were serious, it is clear from the record that Galicia desires to waive any conflict. *See United States v. Ring*, 878 F. Supp. 134, 137 (C.D. Ill. 1995) (explaining that the presence of a conflict can be overcome by a defendant's knowing and voluntary waiver of his right to conflict-free representation). Galicia has steadfastly, and with full disclosure of the full range of potential conflicts, continued to insist that Brindley and Thompson are his counsel of choice. The government's motion is therefore denied. *See Wheat*, 486 U.S at 164 (explaining that the decision to disqualify is left primarily to the informed discretion of the trial court).

**Date**: September 23, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**